# Young *v.* Brock, *et al.*

*Trover.*

(Decided Dec. 16, 1909. 51 South. 315.)

1. *Fraudulent Conveyance; Exempt Property.*—Where property of value less than $1,000.00 is all the property of the vendor it may be claimed as exempt as against simple contract creditors, and hence, a mortgage of such goods although fraudulent as to contract creditors, especially where the goods were sold to plaintiff and she was put in possession, is good as against simple contract creditors, since they could not reach the goods regardless of the bona fides of the transaction.

2. *Charge of Court; Ignoring Issues.*—Where a stock of goods was claimed as against the creditor of the vendor, both by mortgage and under a sale and delivery, a charge asserting that if the plaintiff consented that her vendor should remain in possession of and sell the goods in due course of trade, plaintiff had no lien or title to the goods covered by the mortgage, was properly refused as ignoring plaintiff's claim of title under the sale although the mortgage was not good as a lien or conveyance.

APPEAL from Morgan Circuit Court.

Heard before Hon. TENNIS TIDWELL, Special.

Trover by Martha L. Young against John L. Brock and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

For former report of this case, see 147 Ala. 668, 41 South. 954.

Charge B, referred to in the opinion, is as follows: "If you believe from the evidence that Mrs. Young consented that T. M. Cross should remain in possession of the stock of goods and sell in due course of trade, then I charge you as a matter of law that Mrs. Young had no lien or title to the stock of drugs covered by the mortgage."

E. W. GODBEY, and WERT & LYNN, for appellant.— Brock was not a lienor except as to property acquired after he bought the house.—*Bingham v. Vandegrift,* 93 Ala. 283; *Mecklin v. Demming,* 111 Ala. 159; *Shows v. Brantly,* 127 Ala. 352. Not being a lienor Brock could not be a creditor.—*Langford v. Green,* 52 Ala. 103; *Fielder v. Childs,* 73 Ala. 567. Mrs. Young took possession under the sale and although the mortgage was invalid her title became perfect since it appeared that the goods were of less value than $1,000.00, and were all the goods that Mrs. Young's vendor owned.—*O'Neal v. Patterson,* 52 Ill. App. 26; *Hauselt v. Harrison,* 105. U. S. 402; *Barton v. Sitlington,* 30 S. W. 514. It follows from these authorities that the court erred in the charge given for the defendant.

CALLAHAN & HARRIS, for appellee.—The mortgage in this case has been declared void.—*Cross v. Berry,* 31 South. 36. The transaction between Young and Cross was fraudulent as to creditors.—41 South. 954. The transaction was also rendered void because the mortgagor was allowed to remain in possession and sell the goods.—*Wiswald v. Tichenor,* 6 Ala. 185; *O'Neal v. Bir. Brew. Co.,* 101 Ala. 388. The burden was on one claiming exemption to affirmatively show that he is

entitled to the right.—*Ely v. Blacker, et al.*, 112 Ala. 311.

ANDERSON, J.—The mortgage in this case has been heretofore held void as against creditors, whether with or without lien—meaning, of course, as to simple contract creditors, those who were damaged thereby, those who had an enforceable claim against the property conveyed; and we are not disposed to recede, upon this appeal, from the conclusion that the mortgage in question is void as against creditors, whether with or without a lien.

But a fact, not considered upon the former appeal (*Ryan v. Young,* 147 Ala. 668, 41 South. 954), is presented by the present record for consideration, and that is fraud without damage—conceding that the mortgage was void. If Cross sold the plaintiff the stock of goods and put her in possession before the levy of the attachment, and it was worth less than $1,000 and was all the property owned by him at the time of the conveyance, her title would be good as against creditors without a lien. In other words, if the property sold to the plaintiff could have been successfully claimed by Cross as exempt, then it could not have been reached by his simple creditors, regardless of the bona fides of the sale. It is true, that this transaction was considered in the case of *Brock v. Berry, Demoville & Co.,* 132 Ala. 95, 31 South. 517, 90 Am. St. Rep. 896, and it was there held that the value of the property mortgaged was worth over $1,000, and the question of exemptions could not arise. But in the present case, even if the mortgage was not valid, and the property levied on had not been thereby conveyed to the plaintiff, there is proof that it was sold to her by Cross before the levy, that it was worth less than $1,000 and

[Young v. Brock, et al.]

was all the property Cross owned, and that the debt
to Brock, if contracted at all, was after the present ex-
emption laws went into effect. Therefore, whether the
mortgage was valid or not, the plaintiff acquired a good
title to the goods under the sale, if worth less than
$1,000 and it was all the property owned by Cross at
the time, unless the defendant Brock had a landlord's
lien on same, and as to which there was a conflict in
the evidence, and which was a question for the jury.

The trial court erred in giving charge B, requested
by the defendant. If not otherwise bad, it ignores any
claim or title Mrs. Young may have acquired under the
sale, notwithstanding the mortgage was not valid as a
lien or conveyance. As we view this case, if Brock
was the landlord of Cross, under a contract, express or
implied, for the payment of rent, he had a superior lien
upon all goods in the house, as the plaintiff's mort-
gage was void as to him or all other creditors, and as to
all property thereby conveyed. On the other hand, if
he had no lien as landlord, the purchase of the goods
by the plaintiff before the levy gave her a good title
to same, if less than Cross's exemptions and he was en-
titled to same as such, notwithstanding Brock may
have been a simple creditor without a lien.

The judgment of the circuit court is reversed, and
the cause is remanded.

Reversed and remanded.

McClellan, Mayfield, and Sayre, JJ., concur.