[Brock, et al. v. Young.]

# Brock, *et al. v.* Young.

*Trover and Conversion.*

(Decided April 24, 1913.   Rehearing denied May 14, 1913.
62 South. 326.)

1. *Attachment; Claim by Third Person; Instruction.*—A charge asserting that the attaching creditor would be liable for the invasion of plaintiff's possession under a bona fide claim of title, if the levy of the attachment was on property in excess of the claim, and if there was a material excess, he would be liable though he had a just debt and a valid lien, and though the mortgage property may have exceeded in value the mortgage debt by $1,000.00, was erroneous where the action was trover by the mortgagee against the attaching creditor, who levied on the goods as against the mortgagor, claiming a landlord's lien, since the charge authorized a recovery though plaintiff's claim, while bona fide, might have been constructively fraudulent and not enforceable as to the attaching creditor because of the value of the goods being unreasonably in excess of the mortgage debt, that being the sole consideration of the sale of the goods to her by the mortgagor.

2. *Same; Excessive Levy; Persons Entitled to Recover.*—An excessive levy is an abuse of the process for which a stranger to the writ of attachment cannot recover, and hence, the right of a claimant of goods attached as the goods of another against the attaching creditor depends on the fact of the levy, and not on the excessive levy.

3. *Same; Instruction.*—An instruction defining an excessive levy as on goods of value more than sufficient to satisfy the debt should have also included cost of levy, care of goods and incidental expenses.

APPEAL from Morgan Circuit Court.

Heard before Hon. TENNIS TIDWELL, Special Judge.

Action by Mattie L. Young against John L. Brock and others for conversion of certain drugs, etc.   Judgment for plaintiff, and defendants appeal.   Reversed and remanded.

For former facts and rulings in this case, see 147 Ala. 660, 41 South. 954, and 164 Ala. 288, 51 South. 315.

The following is charge 7 given for the plaintiff:   "I charge you, gentlemen of the jury, that defendant would

be liable for instigating an invasion under attachment of the plaintiff's possession held under a bona fide claim of right and title, if the levy of said attachment was upon property so in plaintiff's possession in excess of his claim; but, to render defendant liable solely for an excessive levy, the excess must have been material, great, and apparent, and, if any such excess over the amount of any claim of Brock and over any rent claims was obvious and in fact great and material, any liability of Brock would exist even though he might have a just and unpaid debt, and even though he might have a legal and valid lien, and even though the property may have exceeded $1,000 in value."

The oral charge made the basis of the third assignment of error is as follows: "If you believe from the evidence that the defendant Brock knowingly directed the sheriff to levy upon the goods of value more than sufficient to satisfy the claim of himself and L. P. Troup, as administrator, for rent, then you should find for plaintiff."

The following is charge 7 refused to defendant: "If the jury believe from the evidence that T. M. Cross sold to Mrs. Young the goods and fixtures embraced in the mortgage from Cross to Mrs. Young in consideration of the indebtedness which was due at that time from Cross to Mrs. Young, and that the value of the goods so sold was in excess of $1,000, then said sale was fraudulent as to Brock, and your verdict should be for the defendant."

CALLAHAN & HARRIS, for appellant. For former reports of this case, see 147 Ala. 668 and 164 Ala. 288, where a great many of the questions presented have been determined. Motion for new trial should have been granted, because the verdict was contrary to the

[Brock, et al. v. Young.]

evidence upon two phases of the case, 1st, that plaintiff did not support her claim that she purchased in good faith.—132 Ala. 92. And, 2nd, a stranger to a writ cannot recover for an excessive levy as asserted by charge 7.—*Russell v. Davis,* 133 Ala. 647; *Hartshorn v. Williams,* 31 Ala. 149; 45 Cyc. 599. The court was also in error in charging orally that the jury should find for the plaintiff if defendant Brock knowingly directed the sheriff to levy upon goods of value more than sufficient to satisfy the claim.—*Governor v. Powell,* 9 Ala. 88; *French v. Snyder,* 82 Am. Dec. 195; 35 Cyc. 1659; 2 Freeman on Executions, 796. The court erred in refusing charge 7 requested by the defendant.—*Russll v. Davis, supra.* Chargs 1, 2 and 6 should have been given.—*Crim v. Nelms,* 78 Ala. 604.

WERT & LYNNE, and E. W. GODBEY, for appellee. The mortgage on the goods antedated Brock's title to the house, and, of course, antedated his lien.—*Bingham v. Vandegrift,* 93 Ala. 283; *Mechlin v. Deming,* 111 Ala. 159; *Shows v. Brantley,* 127 Ala. 352. The possession taken by the mortgagee cured any invalidity in the original mortgage.—*O'Neal v. Patterson,* 52 Ill. App. 26; *Barton v. Sitlington,* 30 S. W. 514; 43 Am. Rep. 596; 94 Pac. 682; 110 Pac. 1001; 97 Pac. 278; 124 N. W. 514; 43 Am. Rep. 596; 94 Pac. 682; 110 Pac. 1001; 97 Pac. 278; 124 N. W. 1071. The validation by virtue of taking possession related back.—*Thompson v. Fairbanks,* 196 U. S. 516. The illegal stipulation was rescinded.—*Borland v. Mayo,* 8 Ala. 104; *Lea v. Cassen,* 61 Ala. 312; *Goetter v. Smith,* 104 Ala. 489. In the absence of an express contract there was no privity between Brock and Cross.—*Crim v. Nelms,* 78 Ala. 604; 9 B. Monroe 496; *Couch v. McKellar,* 33 Ala. 473; *Johnson v. Riddle,* 70 Ala. 219. Brock could not have a lien unless he was

landlord nor could he recover for use and occupation.— *Langford v. Green,* 53 Ala. 103; *Fielder v. Childs,* 73 Ala. 567; *Grady v. Ibach,* 94 Ala. 153. Counsel discuss charges given and refused, but without further citation of authority.

PELHAM, J.—Twice before this case has received consideration on appeal (*Ryan, et al. v. Young,* 147 Ala. 660, 41 South. 954; *Young v. Brock, et al.,* 164 Ala. 288, 51 South. 315), and the facts do not seem to be materially different as presented on this appeal from the occasions when the case was heretofore reviewed, with the exception that on the last trial in the court below the plaintiff (appellee) introduced evidence going to prove that Cross made a sale of the goods to the plaintiff at the time he surrendered them to her, and that this sale was in full payment, satisfaction, and discharge of the debt and mortgage. It is the appellant's contention that no sale was had, but that the plaintiff took possession of and held the goods under the power contained in the mortgage. There is evidence showing that the plaintiff, after she took possession of the goods, proceeded to advertise and undertook to sell them under the power of her mortgage. There is also other evidence affording an inference that there was no sale of the goods by Cross to the plaintiff, but that she took and held them under the mortgage. The evidence, in short, on this point is in conflict. The evidence is also in conflict as to whether Cross attorned to Brock and whether the latter had a landlord's lien on the goods at the time he attached, and there is still another conflict in the evidence with respect to whether or not the goods exceeded $1,000 in value. The validity of the mortgage is no longer an open question, for it has heretofore been held to be void.—*Ryan, et al. v. Young, supra; Young v.*

*Brock, et al., supra; Brock v. Berry, et al.,* 132 Ala. 95, 31 South. 517, 90 Am. St. Rep. 896.

Considering the rights of the parties in the status they respectively occupy as related to the different phases of the conflicting evidence, and applying the former rulings in this case, we do not think the appellant's first assignment of error, based on the court's refusal to grant the defendant's motion for a new trial because of the verdict being clearly contrary to a preponderance of the evidence, is well taken. The evidence set out in the bill of exceptions, as we read it, is in serious conflict on those material phases of the case that depend entirely upon the facts to support or defeat a recovery, and the case was properly referred to the jury for a determination of these disputed questions of fact.

The next proposition in sequence contended for by appellant in brief is that the court was in error in giving charge No. 7 for the plaintiff. This charge authorizes a recovery by the plaintiff, although Brock might have had a valid landlord's lien on the goods, and notwithstanding the plaintiff's claim of title, though bona fide, may have been constructively fraudulent and non-enforceable as to him and against his lien because of the value of the goods being unreasonably in excess of the amount of the indebtedness that plaintiff claimed was the sole consideration for the sale to her by Cross. The charge also is an instruction to the effect that the plaintiff, a stranger to the writ of attachment, can recover against the defendant (the plaintiff in attachment), due solely and alone to the fact of an excessive levy of the attachment writ. An excessive levy is but an abuse of the process, a misfeasance which could not in any event affect the plaintiff, a stranger to the suit. If she was injured by the levy of the writ of attachment, it was by virtue of the fact of a levy, and not by the abuses to

which the writ may have been subjected by the party levying it. If the plaintiff has a cause of action against the defendant, it was complete. in the instant of the levy. The court would not have fallen into the error of giving this charge had it observed the principle of law on this proposition, approvingly quoted from the opinion of *Hartshorn v. Williams,* 31 Ala. 149, on the first appeal of this case, by the Supreme Court, which we do not deem necessary to again set out. See *Ryan, et al. v. Young,* 147 Ala. 655, 666, 41 South. 954, also the text of Cyc. laying down the rule that the question of an excessive levy in an attachment suit can only be raised by the parties to the action.—4 Cyc. 599.

That part of the oral charge of the court to which an exception was reserved that is made the basis of the third assignment of error is erroneous for the same reason; i. e., it authorizes a recovery by the plaintiff for an abuse of the process in making an excessive levy. This portion of the oral charge is also incorrect in defining an excessive levy in that it does not include the cost attendant upon making the levy, care of goods, etc.

Under the conflicting state of the evidence on the matters involved in charge 7 requested by the defendant, we think the court could not be put in error for refusing this charge, as it in effect predicates a finding for the defendant on a state of facts assuming that Brock had a landlord's lien on the goods at the time he attached. Other propositions insisted upon do not seem to us to require discussion.

For the reasons that will appear from a consideration of what we have said, the case must be again reversed.

Reversed and remanded.